## THE STAMFORD DAY NURSERY

vs.

## GEORGE W. DONNING, ET AL.

Superior Court          Fairfield County          File #48195

Present:   Hon. ALFRED C. BALDWIN, Judge.

Curtis, Brinckerhoff & Barrett,  Attorneys for the Plaintiff.

Mead & Mead,                    Attorneys for the Defendants.

## MEMORANDUM FILED OCTOBER 26, 1936.

BALDWIN, J.   On June 21, 1928, the defendant Donning owed the Fidelity Title and Trust Company of Stamford ten thousand ($10,000.) dollars as evidenced by his note of that date which was payable on demand.   This note was secured by mortgage of the same date upon property described in the complaint.

On May 1, 1929, this note and mortgage were assigned by The Fidelity Title and Trust Company to this plaintiff, and they are still owned by the plaintiff.

Thereafter the State required a portion of the mortgaged premises for the widening of a highway in Stamford, and so much thereof as was required for such purpose was, on October 16, 1929, released by this plaintiff from the encumbrance of the mortgage.

The defendant Benjamin H. Mead, individually and as

conservator, holds subsequent mortgages upon the property as described and set forth in the complaint.

The defendant Donning is in possession of the premises.

On November 10, 1934 the defendant Donning and one Jennie E. Donning gave the plaintiff a mortgage on other land located in Stamford, formerly owned by the defendant Donning, as additional security and conditioned for the payment of this note, according to its tenor.

The defense which is set up is that this additional security was given pursuant to an agreement on the part of the plaintiff to forbear foreclosure proceedings against the premises mortgaged June 21, 1928, until such time as building lots could be sold from the property subject to the additional mortgage, and the proceeds therefrom applied to the payment of interest on the note and taxes, both of which were overdue.

For quite some period of time during the declining values in real estate, and, as a result of the nonpayment of interest with that promptness that had characterized such payments in the earlier history of this indebtedness, and because of the accumulation of unpaid taxes, this plaintiff, which is a charitable corporation and depending upon its income for the purpose of carrying on the objects of its organization, felt a considerable concern over the security it held for this indebtedness and repeated requests for payment were made and foreclosure threatened, as a result of which, application was made to the Home Owners' Loan Corporation for a loan to take up this note and mortgage, and with unsuccessful results.

During these negotiations leading up to the giving of the additional security Donning talked, at times, about the plaintiff "carrying" him, as hereinbefore described. Such agreement would have been good if entered into and entered into for the consideration claimed. There was no promise or agreement to forbear foreclosure or to "carry" the defendant, Donning, for any definite or indefinite time.

Interest is overdue since January 1, 1934, which interest to this date amounts to fifteen hundred ninety-three dollars and thirty-three cents, ($1593.33), making a total indebtedness of eleven thousand, five hundred ninety-three dollars and thirty-three cents, ($11,593.33).

This note provides for a reasonable attorney's fee. A reas-

onable attorney's fee is one hundred ($100.) dollars, which may be allowed.

The law day for the defendant Donning may be the First Tuesday in May, 1937, (May 4, 1937), and that for Benjamin Mead in his individual capacity, the succeeding day, (May 5, 1937), and that for Benjamin Mead, as conservator, the next succeeding day, (May 6, 1937).